Filed 1/5/26  P. v. Cortez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084911 |
| v. | (Super.Ct.No. SWF1400934) |
| SIMON LAST CORTEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel, Seth M. Friedman and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant and appellant Simon Last Cortez appeals the trial court's denial of his postjudgment petition for resentencing under Penal Code[1] section 1172.6 at the prima facie stage. We affirm.

PROCEDURAL BACKGROUND

In 2015, defendant was charged by information with murder. (§ 187, subd. (a); count 1). The information also alleged that he personally used a deadly and dangerous weapon in the commission of the murder (§ 12022, subd. (b)(1)), he intentionally killed the victim while lying in wait (§ 190.2, subd. (a)(15)), and he had one prior strike conviction (§§ 667, subds. (c) & (e)(1) and 1170.12, subd. (c)(1)).

On June 18, 2019, the trial court granted the prosecutor's oral motion to add charges for voluntary manslaughter, with a weapon-use allegation (§ 192, subd. (a), count 2; § 12022, subd. (b)(1)), and burglary (§ 459, count 3). Pursuant to a plea agreement, defendant then pled guilty to counts 2 and 3, admitted the weapon-use allegation attached to count 2, and admitted the prior strike allegation. The court dismissed count 1 and sentenced defendant to state prison for 15 years eight months, in accordance with the terms of the plea agreement.

On August 30, 2023, defendant filed a petition for resentencing under section 1172.6.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

The People filed an opposition brief, arguing that defendant was ineligible for relief because the record of conviction showed he was the actual killer. Specifically, at the preliminary hearing, a police investigator testified that defendant was in local custody on an unrelated matter, and two paid government informants wearing wires were placed in his jail cell. The victim was defendant's stepfather, and defendant told the informants he did not like the victim because of the way he treated defendant's mother. Defendant told the informants that he entered the victim's house with a key his mother gave him and "whacked" the victim by cutting his throat. The People attached a copy of the preliminary hearing transcript to the brief.

The court held a prima facie hearing on October 25, 2024. The prosecutor stated that defendant had a preliminary hearing at which the police investigator was a percipient witness. The investigator testified that an informant was placed in a jail cell with defendant, engaged in conversation with him, and defendant admitted that "he and he alone" stabbed his stepfather. The court said it had reviewed the record, including the preliminary hearing transcript provided by the prosecution, and asked defense counsel if he had anything to add. Defense counsel stated: "I have confirmed everything counsel just indicated. I would indicate that the Defense will not be presenting any additional evidence that might have contradicted that, and I will submit." The court found that, based on the evidence presented, defendant was statutorily ineligible for relief and therefore denied his petition.

3

DISCUSSION

The Trial Court Properly Denied Defendant's Petition and No Remand is Needed

Defendant does not argue that the trial court erred in summarily denying his resentencing petition at the prima facie stage. Instead, he contends that, pursuant to *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), this court should remand the matter to give him "a chance to file an amended petition if he desires, responding to the preliminary hearing transcript offered by the prosecution." The People argue that the court properly denied defendant's petition, since the preliminary hearing transcript established that he was the actual killer. Further, a remand would be futile since defense counsel indicated at the hearing that he would not be presenting any additional evidence to contradict the preliminary hearing transcript. We agree with the People.

A. *Resentencing Law*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess., Stats. 2018, ch. 1015 (Senate Bill 1437)) was enacted "'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Effective January 1, 2022, Senate Bill 775 amended section 1172.6 to clarify, among other things, that persons convicted of attempted murder under the natural and probable consequences doctrine or manslaughter are eligible for resentencing under the

4

statute. (Stats. 2021, ch. 551, §§ 1-2; *People v. Gallegos* (2024) 105 Cal.App.5th 434, 441.)

Section 1172.6 provides a procedure for individuals convicted of manslaughter who could not be convicted under the law as amended to retroactively seek relief. (See *Lewis*, *supra*, 11 Cal.5th at p. 957.) Under section 1172.6, the relief process begins with the filing of a petition containing a declaration that all requirements for eligibility are met. (§ 1172.6, subd. (b)(1)(A).)

When the trial court receives a petition containing the necessary declaration and other required information, the court must "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) "If the court finds the petitioner has made a prima facie case, the court must issue an order to show cause." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 12 (*Lopez*); § 1172.6, subds. (c).) However, "[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708; *Lewis*, *supra*, 11 Cal.5th at pp. 970-972.) The record of conviction includes the charging document, verdict forms, closing arguments, jury instructions, and "a preliminary hearing transcript preceding a guilty plea." (*Patton*, *supra*, 17 Cal.5th at p. 568; *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935.)

"A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled,

commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*Lopez*, *supra*, 78 Cal.App.5th at p. 14.)

B. *Remand Is Not Warranted*

At the time of the hearing on defendant's section 1172.6 petition, the "Courts of Appeal [were] split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case. . . " (*People v. Flores* (2022) 76 Cal.App.5th 974, 989, disapproved on another ground in *Patton*, supra, 17 Cal.5th at p. 569, fn. 12.) The California Supreme Court resolved that split of authority in *Patton*, *supra*, 17 Cal.5th 549. There, the defendant, who had pled no contest to attempted murder and had admitted to intentionally discharging a firearm, filed a preprinted form petition where he checked boxes next to statements indicating he was entitled to relief under section 1172.6. (*Id*. at p. 559.) Relying on the preliminary hearing transcript, the prosecutor contended that the defendant was the lone shooter and was therefore ineligible for relief. (*Id.* at pp. 559-560.)

The trial court held a prima facie hearing and denied the petition. (*Patton*, *supra*, 17 Cal.5th at p. 560.) The defendant appealed, and the Court of Appeal affirmed, stating that the trial court properly considered the record of conviction, including the preliminary hearing transcript. (*Ibid*.)

The California Supreme Court affirmed, holding that "a petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*Patton*, *supra*, 17 Cal.5th at p. 557.)

Defendant here cites *Patton* and argues that, like the defendant in that case, he should "be given a chance to file an amended petition if he desires, responding to the preliminary transcript offered by the prosecution." In *Patton*, the Supreme Court did remand the matter for that purpose "out of an abundance of caution." (*Patton*, *supra*, 17 Cal.5th at p. 569.) However, the court did so "[i]n light of Patton's request at oral argument . . . to be permitted to plead additional facts on remand should we affirm." (*Ibid.*)

*Patton* is clearly distinguishable. In *Patton*, defense counsel objected to the use of the preliminary hearing transcript at the time of the prima facie hearing. (*Patton*, *supra*, 17 Cal. 5th at. p. 654.) Here, defense counsel did not object to the use of facts from the preliminary hearing used to refute his conclusory allegations. To the contrary, after the prosecutor cited the preliminary hearing transcript, which demonstrated that defendant admitted he stabbed his stepfather to death, defense counsel stated: "I have confirmed everything counsel just indicated. I would indicate that the Defense will not be presenting any additional evidence that might have contradicted that." In other words, defense counsel indicated he had no evidence to contradict the preliminary hearing transcript. Nor did defense counsel suggest in any way that such evidence existed. On

7

appeal, defendant still has not suggested he has any additional evidence that would dispute the facts presented at the preliminary hearing.  In such circumstances, no remand is warranted.

## DISPOSITION

The court's denial order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

8